| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 16-01753 SJO (GJSx)      **DATE:** May 31, 2016

**TITLE:** Matute et al. v. JPMorgan Chase & Co.

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                      Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** [ECF No. 8]; **DENYING PLAINTIFFS' MOTION FOR REMAND** [ECF No. 20]; **DENYING COMBINED APPLICATIONS FOR TAKING MOTION TO DISMISS OFF CALENDAR AND FOR STAY OF PROCEEDINGS PENDING OUTCOME OF FINDINGS** [ECF No. 26]

These matters are before the Court on (1) Defendant JPMorgan Chase Bank, N.A.'s[1] ("Defendant" or "Chase") Motion to Dismiss Plaintiffs Rowena Matute and Philip Matute's (collectively, "Plaintiffs" or the "Matutes") Complaint Per Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"), filed March 17, 2016;(2) Plaintiffs' Motion to Remand ("Motion to Remand"), filed April 28, 2016; and (3) Plaintiffs' Combined Ex Parte Applications for Order for Taking Motion to Dismiss Off Calendar for Failure of Defendant to Know Who It Is until Apprised of that Information by Plaintiff, to Allow Timely Opposition to Motion Which Would Otherwise Be Prejudicial to Plaintiff, and for Stay of Proceedings Pending Outcome of Findings by State of California Administrative Agency re Defendant's Voidable Contract and Actions at Time of Incidents Complained of ("Applications"), filed May 19, 2016. Plaintiffs, appearing *pro se*, did not file a timely Opposition to the Motion to Dismiss, and Chase filed a Notice of Non-Opposition to the Motion on April 4, 2016. On April 13, 2016, Plaintiffs filed an *ex parte* application to continue the hearing on the Motion to Dismiss ("Ex Parte Application"), which the Court granted on April 20, 2016. On April 29, 2016, Plaintiffs filed their opposition to the Motion to Dismiss ("Dismissal Opp'n"), and Defendant replied ("Dismissal Reply") on May 9, 2016. Defendant opposed the Motion to Remand on May 16, 2016 ("Remand Opp'n"), and Plaintiffs have not replied. The Court found these matters suitable for disposition without oral argument and vacated the hearings set for April 18, 2016 and June 6, 2016, respectively. *See* Fed. R. Civ. P. 78(b). For the following reasons, the

---

[1] In its Notice of Removal filed March 14, 2016, Defendant stated that it was erroneously sued as "JPMorgan Chase & Company," and should have been sued as "JPMorgan Chase & Co." (Notice of Removal 1, ECF No. 1.) On May 9, 2016, Chase filed a Notice of Erratum, stating that its proper designation was "JPMorgan Chase Bank, N.A." (Def.'s Notice of Erratum re Notice of Removal ("Notice of Erratum") 1, ECF No. 23.)

| | UNITED STATES DISTRICT COURT | Priority | ____ |
|---|---|---|---|
| JS-6 | CENTRAL DISTRICT OF CALIFORNIA | Send | ____ |
| | | Enter | ____ |
| | CIVIL MINUTES - GENERAL | Closed | ____ |
| | | JS-5/JS-6 | ____ |
| | | Scan Only | ____ |

**CASE NO.:** CV 16-01753 SJO (GJSx)   **DATE:** May 31, 2016

Court **GRANTS** Defendant's Motion to Dismiss, **DENIES** Plaintiffs' Motion to Remand, and **DENIES AS MOOT** Plaintiffs' Applications.

I.  FACTUAL AND PROCEDURAL BACKGROUND

   A.  Factual Background

Plaintiffs allege the following in their Complaint, filed on October 2, 2015 in the Superior Court of the State of California for the County of Ventura. (*See* Notice of Removal, Ex. B ("Compl."), ECF No. 1-2.) In 2008, Plaintiffs, through the credit of Rowena Matute ("Ms. Matute"), obtained a loan in the amount of $940,000.00 (the "Loan") from Washington Mutual Bank ("Washington Mutual") to construct a five-bedroom home at 136 Heavenly Valley Road, Newbury Park, California 91320 (the "Property"). (Compl. ¶¶ 9, 12.) In or about 2009, Chase purchased Washington Mutual and assumed its assets and liabilities, including the Loan. (*See* Compl. ¶ 10.)

Due to excessively rainy periods, construction on the Property experienced unexpected delays. (Compl. ¶ 11.) In February 2009, Chase advised Plaintiffs that because work on the Property was behind schedule, they were going to accelerate payment of the Loan disbursed to date, which totaled approximately $900,000.00. (Compl. ¶ 12.) Plaintiffs allege that this was "totally unexpected" because the project was "approaching completion." (Compl. ¶ 12.) To complete construction, Plaintiffs needed the remaining $40,000.00 of the Loan to be released to them. (Compl. ¶ 12.)

Plaintiffs allege that Chase refused to release the $40,000.00 because it claimed that Plaintiffs breached their agreement to timely complete construction of the Property. (Compl. ¶ 13.) Plaintiffs allege that there was no term in the Loan agreement permitting Chase to withhold the funds until completion of the Property, and "for that very reason" Chase wanted to amend the Loan agreement so that Chase's conduct would not constitute a breach. (*See* Compl. ¶ 13.) Plaintiffs describe Chase's actions as creating a "catch-22" situation, for "[i]f [Plaintiffs] were not able to complete the project, while now forced to make premature monthly payments, the payment on the debt could be accelerated, and if they could not make the payments . . . they could be foreclosed on." (Compl. ¶¶ 14-15.) "Over time, the Matutes . . . were growing more concerned about the actions of Defendant Chase . . . ." (Compl. ¶ 14.)

To get Chase to release the remaining Loan balance, Plaintiffs hired the Traut Law Group ("Traut") and the John T. Dzialo law firm ("Dzialo") to negotiate a modification of the Loan agreement. (*See* Compl. ¶¶ 16-18.) Plaintiffs "now know [that modifying the agreement] was not necessary simply because Defendant Chase, not them, was in breach of their contractual loan agreement." (Compl. ¶ 16.) Plaintiffs allege that Traut and/or Dzialo failed to notify Ms. Matute that she was in default on the mortgage on the Property, which led to Plaintiffs' loss of the Property by foreclosure sale

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

CASE NO.: **CV 16-01753 SJO (GJSx)**         DATE: **May 31, 2016**

in May 2010. (Compl. ¶¶ 8, 17-18.) Ms. Matute subsequently filed two separate state court actions against Traut and Dzialo in 2013 and 2014.[2] (*See* Compl. ¶ 18.)

Plaintiffs allege that it was only in late 2014 or 2015, through Chase's, Traut's, and/or Dzialo's discovery responses in the state court actions against Traut and Dzialo, that Plaintiffs discovered Chase's alleged fraud:

> [I]t was not only because the Matutes had not completed construction of their new home that the $40,000.00 in question had been withheld from them, as had been previously represented to them . . . . the value of the [Property] had dropped dramatically as a result of the Mortgage Foreclosure crisis of 2008, and the Bank did not want to lose any more money on a property hoped to be valued above $1,000,000.00, that by the time in question had dropped down to $750,000.00 . . ..
>
> It had also been discovered through subpoena that it is very likely that no notice was given regarding the foreclosure sale, and possibly the non-judicial process itself, based upon no record that notices were ever properly mailed or received that Defendant Chase has or can produce to date.

(Compl. ¶¶ 19-20; Dismissal Opp'n 5, ECF No. 21.) Plaintiffs allege that Chase's representations were fraudulent, and that Chase was "bound to disclose this information to the Plaintiffs, but by taking advantage of unwary Plaintiffs, and causing them to rely on their professional actions, opinions and information, they were hoping to get away with their deceit and greed . . . ." (Compl. ¶ 22.)

    B.     Procedural Background

        1.     State Court Action

On December 30, 2010, Ms. Matute filed a second amended complaint against Chase[3] in the Superior Court for Ventura County, Case No. 56-2010-00377787-CU-OR-VTA (the "State Court

---

[2] The Court takes judicial notice of the existence of the following two cases: (1) *Rowena Matute v. Eric Traut*, Case No. 2014-00752893-CU-FR-CJC (Orange County); and (2) *Rowena Matute v. John T. Dzialo, Esq.*, Case No. 56-2013-00436379-CU-FR-VTA (Ventura County). (Compl. ¶ 19.)

[3] JPMorgan Chase Bank, N.A. was the named defendant in the State Court Action.

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | ___<br>___<br>___<br>___<br>___<br>___ |
|---|---|---|---|

CASE NO.: **CV 16-01753 SJO (GJSx)**    DATE: **May 31, 2016**

Action").[4] (*See* Defs.' Req. for Judicial Notice ("RJN") ¶ 1, Ex. A ("State Court Action Compl."), ECF Nos. 8-2, 8-3.) The State Court Action involved a $975,000.00 construction loan from Washington Mutual to Ms. Matute made in 2007 to construct a house on the Property, after which Chase became the holder of the note. (*See* State Court Action Compl. ¶ 2.) Ms. Matute alleged that: (1) Chase breached the security agreement by failing to release a balance of $48,000.00; (2) Chase breached the implied covenant of good faith and fair dealing by unilaterally withholding the balance "capriciously, arbitrarily and unfairly[;]" (3) the foreclosure sale of the Property was held without notice to Ms. Matute, such that Chase's trustee deed upon sale is null; and (4) because of the null trustee's deed, the title to the Property should be restored to Ms. Matute. (*See generally* State Court Action Compl.)

Chase filed a Demurrer to the State Court Action Complaint for failure to state a cause of action, which the state court "sustained in its entirety without leave to amend" on April 4, 2011. (RJN ¶ 4, Ex. D.) The same day, the court entered judgment in favor of Chase. (RJN ¶ 5, Ex. E.)

    2.    <u>The Instant Action</u>

Plaintiffs, proceeding *pro se*, initiated this action in the Superior Court for Ventura County on October 2, 2015, and Defendant removed the action to this Court on March 14, 2016 based on diversity jurisdiction pursuant to 28 U.S.C. section 1332(c). (*See generally* Compl; Notice of Removal ¶ 3.)

In their Complaint, Plaintiffs assert: (1) fraud and deceit and (2) fraudulent concealment stemming from Chase's refusal to release the $40,000.00 balance on the Loan. (Compl. ¶¶ 7-25.) Chase moves to dismiss the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") on the following grounds: (1) both causes of action are barred by the doctrine of res judicata; (2) both causes of action are barred by the statute of limitations; and (3)

---

[4] The Court **GRANTS** Chase's Request for Judicial Notice in Support of its Motion to Dismiss as to the following documents filed in the State Court Action: (1) the State Court Action Complaint; (2) Chase's demurrer to the State Court Action Complaint ("Demurrer"); (3) Chase's request for judicial notice in support of its Demurrer; (4) the state court's order sustaining the Demurrer without leave to amend; and (5) the judgment of dismissal in the State Court Action. (*See* RJN ¶¶ 1-5.) The Court may judicially notice the records and filing of other court proceedings, including in state court. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Furthermore, judicial notice is proper to determine which claims were actually litigated or could have been asserted in the State Court Action. *See Reyn's PastaBella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs and transcript hearings in earlier proceedings for collateral estoppel analysis).

Case 2:16-cv-01753-SJO-GJS   Document 28   Filed 05/31/16   Page 5 of 14   Page ID #:338

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 16-01753 SJO (GJSx)            **DATE:** May 31, 2016

the fraud claims fail to meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), and fail to plead all the elements of fraud. (*See* Mot. to Dismiss 1, ECF No. 8.)

Plaintiffs refute Chase's res judicata and statute of limitations arguments, contending that the instant action "does not stem from the same causes of action" as the State Court Action. (Dismissal Opp'n 5, 7.) Plaintiffs do not respond to Chase's Rule 9(b) argument. Furthermore, Plaintiffs seek to remand the case to Ventura County Superior Court for lack of diversity jurisdiction on the ground that Chase, which should have been sued as J.P. Morgan Chase National Corporate Services, Inc. ("Chase National"), is a foreign corporate citizen of California. (Mot. to Remand 7, ECF No. 20.)

II.     DISCUSSION

    A.     Motion to Remand

As courts of limited jurisdiction, federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). The party asserting federal jurisdiction has the burden of proving all jurisdictional facts. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citations omitted).

        1.     The Court Has Diversity Jurisdiction Over the Action

This action was removed solely on the basis of diversity jurisdiction. According to Chase's Notice of Removal, Plaintiffs are individual residents of Los Angeles County, Chase is incorporated in Delaware with its principal place of business in New York, and Plaintiffs seek damages in the amount of $2,033,000. (Removal ¶¶ 4-5; Compl. ¶¶ 3, 24.) In its Notice of Erratum, Chase indicates that it is actually a national banking association—JPMorgan Chase Bank, N.A.—with its main office in Columbus, Ohio. (Notice of Erratum 2; *see also* Remand Opp'n, ECF No. 25.) Although it is unclear why Chase has chosen to give conflicting statements regarding its citizenship, the Court concludes that it can exercise diversity jurisdiction over the instant action regardless of Chase's citizenship.[5]

---

[5] The Court takes judicial notice of the fact that Chase is a subsidiary of JPMorgan Chase & Co. (*See* Req. for Judicial Notice in Supp. Remand Opp'n, Ex. A.)

| | |
|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

**CASE NO.:** CV 16-01753 SJO (GJSx)          **DATE:** May 31, 2016

In their Motion to Remand, Plaintiffs argue that the proper defendant is Chase National, which is a foreign California corporation. (Mot. for Remand 2.) As such, Defendant, through its "alter ego" Chase National, is a California citizen such that there is no diversity between the parties. (Mot. to Remand 6-8.) Plaintiffs' arguments are unpersuasive. As discussed below, under any of the designations—JPMorgan Chase & Co., J.P. Morgan Chase National Corporate Services, Inc., or JPMorgan Chase Bank, N.A.—complete diversity exists, and it is undisputed that the amount in controversy exceeds the $75,000.00 requirement.

First, if Defendant were JPMorgan Chase & Co., Defendant would be deemed a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Accordingly, Defendant would be a citizen of Delaware and New York. If Defendant were instead J.P. Morgan Chase National Corporate Services, Inc., it would be a citizen solely of New York. *See* Chase List of Subsidiaries 139. If Defendant were JPMorgan Chase Bank, N.A., Defendant would be a national banking association–a corporate entity chartered by the Comptroller of the Currency of the U.S. Treasury–which would be "a citizen only of the state in which its main office is located," as set forth in its articles of association. *Rouse, et al. v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (citing 28 U.S.C. § 1348); *see Melamed v. JPMorgan Chase Bank, N.A.*, No. CV 15-04314 JAK, 2015 WL 5923533, at *4 (C.D. Cal. Oct. 8, 2015). A national banking association's principal place of business is "not relevant to the Court's jurisdictional analysis." *Ramirez v. Wells Fargo Bank*, No. CV 15-08909 BRO, 2016 WL 74386, at *3 (C.D. Cal. Jan. 6, 2016). Because JPMorgan Chase Bank, N.A.'s main office is located in Columbus, Ohio, it is a citizen only of Ohio. (Notice of Erratum 2 (citing *Melamed*, 2015 WL 5923533, at *4).) Thus, regardless which Chase entity has been sued, there is complete diversity between the parties.

Plaintiffs also contend that if Defendant were JPMorgan Chase & Co., Defendant would be unlawfully conducting business in California because it did not register with the California Secretary of State as a foreign corporation, such that it cannot appear in state or federal court. (Mot. to Remand 7, 9.) This argument is without merit. A "foreign corporation transacting intrastate business which has failed to qualify with the Secretary of State may nevertheless **defend** an action brought against it in state court." *See United Med. Mgmt. Ltd. v. Gatto*, 49 Cal. App. 4th 1732, 1739 (1996) (citations omitted) (emphasis in original); Cal. Corp. Code § 2203 (foreign corporations transacting unauthorized intrastate business). Thus, Defendant's defense of the State Court Action and instant litigation would not be unlawful even if Defendant failed to qualify as a foreign corporation.

Accordingly, Plaintiffs' Motion to Remand is **DENIED**. The Court now discusses the three grounds for Defendant's Motion to Dismiss: res judicata, statute of limitations, and Rule 9(b) and failure to plead all the elements of fraud.

       B.      Motion to Dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

CASE NO.: CV 16-01753 SJO (GJSx)          DATE: May 31, 2016

In reviewing a motion to dismiss under Rule 12(b)(6), a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A plaintiff's cause of action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (requiring Rule 12(b)(6) to be read in conjunction with Rule 8). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 545 (citation and quotation marks omitted).

A document filed *pro se* is to be "liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (adding that *pro se* litigants are still "bound by the rules of procedure"). Furthermore, "a *pro se* litigant must be given leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment." *Hicks v. Rowe*, No. CV 11-00680 CJC, 2011 WL 1648604, at *4 (C.D. Cal. March 21, 2011) (citing *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)).

      1.     Res Judicata Bars the Instant Action

Chase moves to dismiss the instant action on the grounds that the judgment in the State Court Action bars Plaintiff from bringing its fraud and fraudulent concealment causes of action under the doctrine of res judicata, also known as claim preclusion. The Court agrees.

"In determining the preclusive effect of a state court judgment, federal courts follow the state's rules of preclusion." *In re Philip E. Koebel*, No. CV 15-01222 PA, 2016 WL 354865, at *3 (C.D. Cal. Jan. 27, 2016) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982)). "[B]ecause this case involves a prior action in California state courts, the Court applies California law on claim preclusion." *Janson v. Deutsche Bank Nat'l Trust Co.*, No. CV 14-05639 JSC, 2015 WL 1250092, at *6 (N.D. Cal. Mar. 18, 2015).

In California, three requirements must be met for res judicata to bar the subsequent suit: "(1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *San Diego Police Officers Ass'n v. San Diego City Empls. Retirement Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (citation omitted). Res judicata bars all matters "that could have been litigated." *See Janson*, 2015 WL 1250092, at *7 (citing *Allied Fire Protection v. Diede Const., Inc.*, 127 Cal. App. 4th 150, 155 (2005)). In other

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | ___<br>___<br>___<br>___<br>___<br>___ |
|---|---|---|---|

**CASE NO.:** CV 16-01753 SJO (GJSx)      **DATE:** May 31, 2016

---

words, "unless the complaint **plausibly alleges** that the plaintiff was unable to discover a fact because it did not exist at the time of the prior action or because of a defendant's fraud or misrepresentation, claim preclusion applies to all actionable facts that **could have been discovered with diligence during the prior proceeding**." *Janson*, 2015 WL 1250092, at *7 (emphases added) (citing *Allied* Fire, 127 Cal. App. 4th at 156-57).

Here, all three res judicata requirements are met. The Court discusses each requirement in turn.

          a.    <u>Both Lawsuits Involve the Same Cause of Action</u>

To determine what constitutes the same "cause of action," California courts employ the "primary rights theory."[6] *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citation and quotation marks omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983). "What is critical to the analysis is the **harm suffered**; that the same facts are involved in both suits is not conclusive." *San Diego Police Officers,* 568 F.3d at 734 (emphasis added).

First, Plaintiffs argue, without providing any factual support, that the State Court Action and instant action are unrelated and that Defendant has simply "confused" the complaints filed in the State Court Action and the instant action. (*See* Dismissal Opp'n 2.) The State Court Action involved a $975,000.00 loan, $48,000.00 of which Chase withheld, and the instant action involves a $940,000.00 loan, $40,000.00 of which Chase withheld. Although it is unclear why the loan amounts are different, Plaintiffs do not dispute that the State Court Action and instant action center on the same loans offered by Washington Mutual with notes held by Defendant. Moreover, it appears that both complaints allege "the same injury to the plaintiff and the same wrong by the defendant." *See Eichman*, 147 Cal. App. 3d at 1174; *San Diego Police Officers,* 568 F.3d at 734 (noting that whether "the same facts are involved in both suits is not conclusive"). Specifically, both complaints allege that Plaintiffs lost the Property by foreclosure as a result of Chase's withholding of funds until construction on the Property was completed, which was without basis in the loan agreement.

Furthermore, "courts in this District have repeatedly recognized that, under California law, plaintiffs seeking to set aside a foreclosure may not relitigate their claims in subsequent actions, even when

---

     [6] Chase relies on the incorrect res judicata standard. (*See* Mot. to Dismiss 4.) The "transactional nucleus of facts" analysis is used to analyze "the preclusive effect of prior **federal** court judgments," not state court judgments. *See Brodheim*, 584 F.3d at 1268 (emphasis in original).

Case 2:16-cv-01753-SJO-GJS Document 28 Filed 05/31/16 Page 9 of 14 Page ID #:342

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | \_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_<br>\_\_\_\_\_ |
|---|---|---|---|

| CASE NO.: CV 16-01753 SJO (GJSx) | DATE: May 31, 2016 |
|---|---|

the second lawsuit asserts different causes of action or challenges different aspects of the loan or foreclosure process." *Janson*, 2015 WL 1250092, at *7 (collecting cases). "In other words, claims in a prior and present proceeding are identical so long as the plaintiff seeks compensation for the same harm." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010). Here, notwithstanding the different causes of action alleged, both complaints request compensation for the same loss of the Property–among other relief, to quiet title in the State Court Action and $2,033,000.00 in this action. The same "cause of action" requirement is thus satisfied. *See, e.g., In re Philip E. Koebel*, 2016 WL 354865, at *4 (finding that first suit seeking to quiet title and prevent foreclosure and second suit seeking to void plaintiffs' obligations under his mortgage to the property involved the same primary rights of freedom from wrongful foreclosure and to clear title in property).

Second, Plaintiffs have not plausibly alleged that they were unable to discover Defendant's alleged fraud until late 2014 or 2015. Specifically, Plaintiffs assert that they only discovered this information through the state court lawsuits against Traut and Dzialo. However, Plaintiffs do not provide a reason why they could not have discovered the purported fraud sooner through, for instance, more effective discovery requests in the State Court Action. In light of Plaintiffs' allegations that they were not contractually bound to make payments until the construction was completed and that they were "growing more concerned" by Chase's actions over time, (Compl. ¶ 14), it appears that Plaintiffs may have had reason to suspect a factual basis for the fraud claims sooner. *See Janson*, 2015 WL 1250092, at *9 (citing *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397-98 (1999) ("[A] plaintiff discovers [a] cause of action when he at least suspects a factual basis" for the claim, and "must go find [the facts] himself if he can and file suit if he does.")). Traut and Dzialo's purported errors as Plaintiffs' former attorneys, which allegedly resulted in foreclosure, do not insulate Plaintiffs from the doctrine of res judicata. *See, e.g., Janson*, 2015 WL 1250092, at *7 (finding that previous attorney's alleged failures "support[ ] the idea" that claims should have been litigated in prior action); *Munir v. Bank of N.Y. Mellon as Tr.*, No. CV 14-05073 YGR, 2015 WL 2453524, at *5 n.5 (N.D. Cal. May 22, 2015) (finding that plaintiff's explanation that she did not discover violation until obtaining legal counsel "does not create an exception to the application of res judicata").

In short, the claims are based on alleged fraudulent representations by Chase with respect to the withholding of loan funds, which existed and could have been discovered by the time the State Court Action was filed, and which caused Plaintiffs the same harm as that in the State Court Action. *See Janson*, 2015 WL 1250092, at *9. Accordingly, both lawsuits involve the same causes of action.

///
///

    b.  <u>The State Court Action Resulted in a Final Judgment on the Merits</u>

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 16-01753 SJO (GJSx)  **DATE:** May 31, 2016

"In California, a judgment entered after the sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993) (citing *Crowley v. Modern Faucet Mfg. Co.*, 44 Cal. 2d 321 (1955)). The state court sustained Chase's Demurrer to the State Court Action Complaint in its entirety without leave to amend for failure to state a claim. Plaintiffs do not dispute this second requirement. This dismissal constitutes a final judgment on the merits, satisfying the second requirement of res judicata.

        c.     There is Privity Between the Parties

"In order for res judicata to apply, the party against whom the defense is asserted must have been a party or was in privity with a party to the prior adjudication." *Consumer Advocacy Grp., Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 689 (2008) (citation omitted). Privity is a requirement of due process of law, and refers to "a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights and, more recently, to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is sufficiently close so as to justify application of the doctrine of collateral estoppel." *Id.* at 689-90 (citation omitted). "The circumstances must also have been such that the nonparty should reasonably have expected to be bound by the prior adjudication." *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1070 (1998) (citations omitted).

Here, Plaintiffs are the party against whom the defense is asserted. Although Plaintiff Philip Matute ("Mr. Matute") was not a party to the State Court Action, there is privity between the Matutes, for Plaintiffs reside at the same address and allege that "**Plaintiffs** through the credit of Plaintiff Rowena Matute" obtained the Loan. (Compl. ¶¶ 1-2, 9) (emphasis added). Furthermore, Defendant allegedly made the misrepresentations to **both** Matutes, which resulted in the Matutes' loss of the Property. Thus, the Court concludes that Ms. Matute was Mr. Matute's "virtual representative in the earlier action," and it is fair to bind Mr. Matute by the State Court Action judgment. *See Seadrift*, 60 Cal. App. 4th at 1071. The third res judicata requirement is accordingly met.

In sum, all three requirements of res judicata are satisfied, and Plaintiffs' failure to bring the operative claims in the State Court Action preclude them from litigating this action. Accordingly, the Court **GRANTS** Defendant's Motion on the res judicata ground. Although this ruling is sufficient to dismiss the Complaint, the Court addresses the remaining grounds of the Motion to Dismiss for completeness purposes.

        2.     The Statute of Limitations Bars the Instant Action

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** <u>CV 16-01753 SJO (GJSx)</u>　　　　**DATE:** <u>May 31, 2016</u>

Under California law, actions for relief on the ground of fraud are subject to a three-year statute of limitations. *See Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1010 (N.D. Cal. 2015) (citing Cal. Code Civ. P. § 338(d)). The time period "begins to run when the plaintiff has information which would put a reasonable person on inquiry." *See Kline v. Turner*, 87 Cal. App. 4th 1369, 1374 (2001); Cal. Civ. Proc. Code § 338(d) (stating that fraud actions do not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake"). The plaintiff bears the burden of pleading and proving belated discovery of a cause of action. *Czajkowski v. Haskell & White, LLP*, 208 Cal. App. 4th 166, 174 (2012). An adequate pleading of delayed discovery "should set forth pleaded facts that show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 175 (citation omitted).

Plaintiffs' Complaint is premised entirely on fraud claims; thus, the Complaint must have been filed by 2012–three years after Defendant's alleged refusal to release the funds. Plaintiffs filed the instant action in October 2015 and allege that the statute of limitations only began to run in late 2014 or 2015 because they "could not have known then what they now know" without Chase's, Traut's, and/or Dzialo's discovery responses in late 2014 or 2015. (*See* Compl. ¶ 19.) For the same reasons articulated with respect to res judicata in Section II(C)(1), *supra*, however, the statute of limitations bars Plaintiffs' claims. Even taking Plaintiffs' allegations in the Complaint as true, as the Court must on a motion to dismiss, Plaintiffs' allegation that Dzialo "revealed" Chase's actual reason for withholding the funds lacks any factual support. For instance, Plaintiffs do not indicate what Defendant actually stated which led Plaintiff to discover the alleged fraud. Without the subject discovery responses of Dzialo, Traut, and/or Chase, the Court cannot conclude that Defendant's stated reason for withholding the balance—that there were too many construction delays—was false. Plaintiffs need to plead their delayed discovery of "**facts** constituting the fraud or mistake." *See* Cal. Civ. Proc. Code § 338(d); *Czajkowski*, 208 Cal. App. 4th at 175 (citation omitted) ("[C]onclusory allegations will not withstand demurrer.").

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss on the ground that Plaintiffs' claims are time barred by the statute of limitations.

　　　　3.　　<u>The Fraud Claims Are Procedurally and Substantively Deficient</u>

Plaintiffs assert two causes of action: fraud and deceit, and fraudulent concealment. Plaintiffs allege that: (1) Chase represented to Plaintiffs that it was accelerating the debt owed and was not going to release the remaining Loan balance because of the construction delays although it was not true or, at least, was not provided for in the contract, (Compl. ¶¶ 23(a), 27(a)); (2) on information and belief, Chase knew or should have known that the representation was false, (Compl. ¶¶ 23, 27) ; (3) the misrepresentation was intentional because Chase's sole reason for withholding funds was because they did not want to lose any more money on the Property, (Compl. ¶¶ 23(c), 27(c));  (4) Plaintiffs relied on the representations because they "had no idea how cold-blooded, immoral, unethical, and greedy such financial institutions can be which has now

Case 2:16-cv-01753-SJO-GJS Document 28 Filed 05/31/16 Page 12 of 14 Page ID #:345

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 16-01753 SJO (GJSx)          DATE: May 31, 2016

been revealed for all to see through the Greatest Heist in the History of Mankind," (Compl. ¶¶ 23(e), 27(e)); and (5) as a result, Plaintiffs lost $2,033,000.00 in real property, improvements, and personal property. (Compl. ¶¶ 23(f), 27(f).) Plaintiffs conclude "[t]he desperate acts of Defendant Chase in 2009 can now be more readily explaned[*sic*]." (Compl. ¶ 21.)

In California, the elements of fraud are: (1) false representation; (2) knowledge of the falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damages. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citing *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996)). As for fraudulent concealment, the plaintiff must plead: (1) intentional concealment or suppression of a material fact with intent to defraud the plaintiff; (2) duty to disclose the fact to the plaintiff; (3) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (4) damages as a result. *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 178 Cal. App. 4th 830, 85 (2009) (citation omitted).

Claims for fraud and fraudulent concealment are both subject to the heightened Rule 9(b) standard and must be pled with specificity. *Settle*, 2012 WL 1026103, at *9. Rule 9(b) requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation and quotation marks omitted); *see also Vess*, 317 F.3d at 1104, 1106 (citation and quotation marks omitted) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107.

Here, Plaintiffs' Complaint fails to meet the Rule 9(b) pleading standard, and fails to plead reliance (for fraud) and a duty to discose (for fraudulent concealment). Plaintiffs' Dismissal Opposition does not address these arguments. The Court discusses each deficiency in turn.

    a. <u>The Complaint Fails to Meet the Heightened Rule 9(b) Pleading Standard</u>

The Complaint is devoid of factual allegations indicating the time, place, and nature of the alleged fraud or fraudulent concealment. *See Swartz*, 476 F.3d at 764. Without including or quoting from the discovery responses that purportedly implicate Defendant, identifying the individuals at Chase who allegedly made such representations, or citing when these alleged misrepresentations were made, Plaintiffs' allegation that Defendant misrepresented its reason for withholding the funds is speculative. *See, e.g., Velasquez v. Chase Home Fin. LLC*, No. CV 10-01641 SI, 2010 WL 3211905, at *6 (N.D. Cal. Aug.12, 2010) ("[P]laintiff alleges only that defendants concealed material facts to make plaintiff believe his real estate investment was secure and did not inform plaintiff that the real estate bubble was about to explode. Plaintiff does not allege when the

Case 2:16-cv-01753-SJO-GJS Document 28 Filed 05/31/16 Page 13 of 14 Page ID #:346

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: CV 16-01753 SJO (GJSx)          DATE: May 31, 2016

concealment took place or when each of the defendants allegedly knew that the real estate bubble was about to burst."). Plaintiffs have not specifically demonstrated why Chase's representations were false. *See, e.g., Gomez v. Calpacific Mortg. Consultants, Inc.*, No. CV 09-02926 IEG, 2010 WL 2610666, at *3 (S.D. Cal. June 29, 2010) (finding that plaintiff failed to sufficiently allege why the representation was false where plaintiff "alleges E*Trade inflated her income by 'using an income of $11,900.00 on the loan application,' yet fails to allege what she stated her actual income to be"). In sum, the Complaint fails the Rule 9(b) pleading standard.

        b.    The Complaint Fails to Plead All the Elements of Fraud and Fraudulent Concealment

The Complaint is also substantively deficient. First, as to the fraud claim, the Complaint fails to allege reliance; second, as to the fraudulent concealment claim, it fails to allege a duty to disclose the information.

Reliance exists when the "misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction." *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995) (citation omitted). Plaintiffs allege that Chase's fraudulent representations caused R. Matute "to rely on [Chase's] professional actions, opinions and information" because she did not know how "cold-blooded" and "unethical" Chase allegedly was. (Compl. ¶¶ 22, 23, 26, 27). However, Plaintiffs do not allege that they would not, in all reasonable probability, have entered into the Loan agreement had they known about Chase's alleged fraudulent acts. In fact, Plaintiffs seek to uphold the Loan agreement–arguing that the entire $940,000.00 Loan amount should have been released to them and that they are entitled to recover $2,033,000.00 from the foreclosure of the Property resulting from Defendant's fraud and deceit in contravention of the Loan agreement.

As to the fraudulent concealment claim, it is substantively deficient because it fails to plead that Chase had a duty to disclose information about its reason for withholding the $40,000.00. It is the "general rule [that] 'a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" *Velasquez*, 2010 WL 3211905 at *5 (quoting *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)). Plaintiffs allege only that Defendant was "bound to disclose this information to the Plaintiffs so that they could determine what their true predicament was," (Compl. ¶ 27(d)), but plead no facts indicating that Chase acted as more than a lender in the transaction.

In sum, the Court thus **GRANTS** Defendant's Motion for failing the Rule 9(b) pleading standard and for failing to sufficiently plead elements of the fraud and fraudulent concealment claims.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 16-01753 SJO (GJSx)</u>   DATE: <u>May 31, 2016</u>

       4.      <u>Leave to Amend Should Be Denied in this Case</u>

Although the Court liberally construes the *pro se* Plaintiffs' Complaint and holds it to less stringent standards than formal pleadings drafted by lawyers, *see Erickson*, 551 U.S. at 94, the Court finds no basis to grant Plaintiffs leave to amend because it is absolutely clear that the Complaint's deficiencies cannot be cured by amendment, *see Hicks*, 2011 WL 1648604, at *4. Plaintiff's fraud and fraudulent concealment causes of action are barred by the doctrine of res judicata, and the Court cannot conceive of any amendments that could cause these causes of action to escape the reach of this doctrine. Accordingly, the Court dismissal the instant action **with prejudice**.[7]

III.    <u>RULING</u>

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand, **GRANTS** Defendant's Motion to Dismiss, and **DENIES AS MOOT** Plaintiffs' Applications. Accordingly, the Court **DISMISSES** Plaintiffs' Complaint **WITHOUT LEAVE TO AMEND**. This matter shall close.

IT IS SO ORDERED.

---

[7] Because the Court concludes that dismissal is with prejudice, the Court **DENIES AS MOOT** Plaintiffs' Applications, in which they request that the Court (1) take the Motion to Dismiss off calendar; (2) permit Plaintiffs to file a timely opposition to the Motion to Dismiss; and (3) stay the instant action pending the determination of a state agency as to whether Defendant can conduct business in California. (*See* Appls., ECF No. 26.)